SAMUEL W. HAYES, CHIEF JUSTICE.
MATTHEW J. KANE, VICE CHIEF JUSTICE.
R. L. WILLIAMS,
JESSE J. DUNN,      }JUSTICES.
JOHN B. TURNER,

---

### FT. SMITH & W. RY. CO. v. HARRISON.

No. 1830.   Opinion Filed December 7, 1912.

Rehearing Denied July 8, 1913.

(133 Pac. 222.)

**CARRIERS—Negligent Billing of Freight—Question for Jury.** In an action against a railroad company for negligently billing a shipment to a wrong destination, where the decisive issue is whether the agent of the company was negligent in billing the shipment contrary to instructions from the shipper, or whether the shipper was negligent in failing to examine the bill of lading after it was handed to him by the agent, and such issue is properly submitted to the jury, the finding of the jury will not be disturbed, if it is reasonably supported by the evidence.

(Syllabus by Harrison, C.)

*Error from County Court, Okfuskee County;*
*T. T. Doyle, Judge.*

Action by B. F. Harrison against the Ft. Smith & Western Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. E. & H. P. Warner* and *J. B. Patterson,* for plaintiff in error.

*Tom Hazlewood,* for defendant in error.

Opinion by HARRISON, C.   This action was originally begun in the justice court of Okfuskee county, Hon. J. N. Jones, J. P., by B. F. Harrison, against the Ft. Smith & Western Railway Company, for the sum of $128.92, because of alleged negligence on the part of defendant railway company in billing a car load of staves to a wrong destination, thereby causing plaintiff to pay said sum over and above what would have been required had the shipment been rightly billed.   Plaintiff obtained judgment in the justice court, and the railway company appealed to the county court, wherein a jury trial was had in January, 1910, again resulting in a verdict and judgment in favor of plaintiff. From this judgment the railway company brings the case here.

The plaintiff's right of recovery depended wholly upon proof of negligence on the part of the railway company in billing out the shipment.   Plaintiff testified that he instructed the agent of the railway company, at Kinta, Okla., to bill the car to A. Weinman, Atchison, Kan.   The agent billed the car to Hutchinson, Kan., thereby necessitating the shipment to be rebilled from Hutchinson to Atchison, and causing the extra charge.   There was evident negligence on the part of some one in the billing of this car. It is not disputed that the proper destination was Atchison, nor that the car was wrongfully billed to Hutchinson.   The question, then, is whether the agent was negligent in making out the bill of lading contrary to the instructions of the shipper, or whether the shipper was negligent in giving proper instructions to the agent, and whether, after the bill of lading was made out and handed to him, the shipper was negligent, under the circumstances, in failing to look over the bill of lading, to see for himself whether or not it was billed to the proper place.   The question as to which of the two was negligent was fairly submitted to the jury by the trial court under the following instructions:

"To entitle the plaintiff to recover in this action he must prove by a fair preponderance of the evidence every material

allegation in his petition; that is, that the plaintiff directed the agent of the defendant railroad company to ship the staves in question in the manner and way that is alleged in his petition.

"The court instructs the jury that if you believe from the evidence in this case that the plaintiff delivered the staves in question to the defendant railroad company, with instructions to bill the same to A. Weinman at Atchison, Kan., and if you further find from the evidence that the agent of the defendant railroad company received the staves in question and through carelessness and negligence and contrary to the order received from plaintiff, billed the staves to Hutchinson, Kan., then the plaintiff will be entitled to recover as his damages such sum as you may find from the evidence, not to exceed the sum claimed in the petition.

"The court instructs the jury that by the term 'ordinary care and prudence,' as used in these instructions, is meant that degree of care that would be used by a person of ordinary prudence under the same similar circumstances. A failure to exercise ordinary care is a question for the jury to determine from all the evidence in the case, in connection with all the facts and circumstances in the case.

"Where a shipper is offered and accepts a bill of lading covering his shipment, he is bound by the contents thereof; and should you find from the evidence that plaintiff received a bill of lading in which the destination of his car was written, and that by the use of due diligence he could have ascertained the error in the destination of the car before the car left Kinta, Okla., and he did not do so, then you will find for the defendant."

Guided by these instructions the jury heard and weighed the testimony of the witnesses. There was testimony introduced tending to show that plaintiff instructed the agent where to bill the car, that the agent asked plaintiff whether he meant Hutchinson or Atchison, that plaintiff replied that the car was to go to Atchison, and spelled the word "Atchison" out plainly to the agent. There was also testimony tending to show that, when the bill of lading was handed to plaintiff, it was getting dark and the light was poor, but that he looked over the bill, and thought it said Atchison, and thereupon mailed it to consignee at Atchison. On the other hand, there was testimony tending to show that the agent was not plainly instructed as to which of

the two towns the shipment was intended for, and that the plaintiff had ample opportunity to examine the bill of lading, and ascertain whether or not the shipment was billed to the proper place. The jury heard this testimony and passed upon the credibility of the witness, concluding therefrom that the agent was the party guilty of negligence. This being the only question in the case, and depending solely upon the testimony submitted, we are unable to say which of the two lines of witnesses was the more credible, and, under the oft-announced rule of this court "that a verdict which is reasonably supported by the evidence will not be disturbed," we see no reason for disturbing the verdict herein.

The judgment should therefore be affirmed.

By the Court: It is so ordered.