## J. B. WATKINS V. SILAS K. WILLIAMS.

1. REAL ESTATE — *Sale on Execution* — *Nature of Notice.* In sales of real estate upon execution, a notice of the sale as published in the newspaper should be given for at least thirty days before the day of sale, and should be continued in each successive issue of the newspaper up to the time of the sale.

2. ———— Where the notice is not so published the sale may be set aside upon motion, at any time before confirmation.

3. NEWSPAPER — *Publication, Presumed* — *Sale Properly Set Aside.* Where the sale was to take place and did take place at 2 o'clock in the afternoon of the regular day for the issue of the newspaper in which the notice was published, and the notice was not published in that issue, and the court on proper motion and before confirmation set aside the sale for that reason, *held,* that as all presumptions are in favor of the correctness of the decision of the court, it will be presumed that the newspaper of the date of the sale was published prior to the time of the sale, and therefore that the sale was properly set aside.

### *Error from Edwards District Court.*

ACTION by *Watkins* against Day and others, to foreclose a mortgage of real estate. Judgment was rendered for the plaintiff, and a sale of the land was made by the sheriff. The plaintiff moved to confirm the sale, and the defendant *Williams* moved to set it aside. At the June Term, 1884, the court overruled the former motion and sustained the latter. The plaintiff alleges error, and brings the case here. The opinion states the material facts.

*W. J. Patterson,* for plaintiff in error.

*J. W. Crawford,* for defendant in error Williams.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether the court below erred or not in vacating and setting aside a sheriff's sale of certain real estate for the reason that the notice of the sale had not been published as required by law. The question with regard to the regularity of the sale

was raised in the court below by a motion on the part of the plaintiff to confirm the sale, and a motion on the part of the defendant to set aside the sale. The court below overruled the first motion and sustained the second, and the plaintiff now alleges error. It appears from the record that the notice of the sale was properly published for five consecutive weeks in a weekly newspaper published in the county in which the sale was to take place; that the first publication of the notice was on March 15, 1884, and the last on April 12, 1884; that the notice was published in each issue of the newspaper during that time; that the sale was advertised to take place on April 19, 1884, at 2 o'clock in the afternoon, and that it did in fact take place at that time. The only claim of irregularity presented in this court, or in the court below, and the only ground upon which the sheriff's sale was set aside, is, that the notice was not published in the issue of the newspaper of the date of April 19, 1884, that being the regular day for the issue of the newspaper. Whether the newspaper was in fact published on April 19, 1884, or not, and if published on that day, whether it was published before or after 2 o'clock in the afternoon, is not shown; but as all the presumptions are in favor of the correctness of the decision of the court below, we shall assume that the newspaper was published prior to 2 o'clock in the afternoon of April 19, 1884; and, with this assumption, was the publication of the notice of sale irregular or materially irregular, or was it sufficient? We think it was materially irregular, and that the sale was properly set aside because thereof. In sales of real estate upon execution, a notice of the sale as published in the newspaper should be given for at least thirty days before the day of sale, and should be continued in each successive issue of the newspaper up to the time of the sale. (*McCurdy v. Baker*, 11 Kas. 111; *Whitaker v. Beach*, 12 id. 492; *Treptow v. Buse*, 10 id. 170.) And where the notice is not so published, the sale may be set aside upon motion, at any time before confirmation.

Now as the sale was to take place and did take place at 2 o'clock in the afternoon of the regular day for the issue of the

newspaper in which the notice was published, and as the notice was not published in that issue, and as the court on proper motion and before confirmation set aside the sale for that reason, and as all presumptions are in favor of the correctness of the decision of the court, it must be presumed that the newspaper of the date of the sale was published prior to the time of the sale, and therefore that the sale was properly set aside.

The order of the court below setting aside the sale will be affirmed.

All the Justices concurring.