## JOHNSON *et al.* v. LYNCH *et al.*

No. 2601. Opinion Filed May 13, 1913.

(132 Pac. 350.)

MORTGAGES—Foreclosure—Sale—Appraisement. Where, on a foreclosure of a mortgage, the real estate covered thereby is sold without appraisement, and an appraisement has not been waived, such sale is void; and the court commits error in confirming the same over the objection of the mortgagor.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*L. L. Cowley, Special Judge.*

Action by George L. Lynch and others against Petty Johnson and others. Judgment for plaintiffs, sale on foreclosure

confirmed, and defendants bring error. Order confirming sale set aside, and cause remanded.

*H. A. Johnson,* for plaintiffs in error.

*P. W. Cress,* for defendants in error.

HAYES, C. J. This appeal is prosecuted from an order confirming a sale made under a decree of the district court of Noble county, foreclosing a mortgage on real estate. Eight assignments of error are stated in brief of counsel for plaintiffs in error. Some of the assignments are so clearly without merit as not to require consideration. Others have not been presented in sufficient compliance with the rules of the court to be entitled to consideration. The only two propositions presented by the assignments which we shall consider are: First, that the sale should not have been confirmed, because the order of sale was issued under a void judgment; and, second, that the sale made by the sheriff was void, because made without appraisement.

The action was originally brought by defendant in error George I. Lynch to foreclose a mortgage alleged to have been executed to him by plaintiffs in error. After Lynch had filed his petition, defendant in error Schwint intervened, and in his plea of intervention alleged that he is the owner and holder of a certain mortgage upon the same land, superior to the lien of Lynch's mortgage, and prayed for judgment foreclosing same.

On the 14th day of April, 1908, the court made and entered the following order:

"Now, on this the 14th day of April, 1908, this cause being called on motion of parties to this suit, asked the court to set a date for trial. The court here states that, being formerly of counsel in the case, he is disqualified, and thereupon, upon agreement of counsel, waiving the disqualification, the court sets Friday, April 17, 1908, as date of trial of cause, and appoints L. L. Cowley as special judge to try the same."

On the 29th day of the same month the cause coming on for hearing before L. L. Cowley as special judge, and plaintiffs in error having filed no answer, and having made default, judgment against them by default was rendered in favor of defendant in error Schwint upon his interplea, decreeing for him judgment for the amount of his mortgage indebtedness and foreclosing the mortgage. No further action was taken in the proceeding until a period of about two years thereafter, except that in the meantime the judgment had been assigned by Schwint to defendant in error S. A. Moore, who, on the 11th day of July, 1910, caused an order of sale to be issued, and in pursuance thereof sale of the mortgaged premises was made by the sheriff to defendant in error S. A. Moore, who was the highest and best bidder.

Upon motion to confirm the sale plaintiffs in error objected to the confirmation thereof, and moved that the sale be set aside, upon the ground that the judgment is void, because the court was without authority to appoint L. L. Cowley special judge to try same. This contention, under the record before us, is without merit. By section 9, art. 7, of the Constitution, it is provided that in the event any judge is disqualified from trying any case the parties to such case may agree upon a judge *pro tempore* to try the same. If the parties cannot agree, at the request of either party a judge *pro tempore* may be elected by the members of the bar of the district present at such term. That portion of the section providing for the election of a judge *pro tempore* was not self-executing, because it provided no procedure for holding the election; but the parties might agree upon a judge. *Spade v. Morton et al.,* 28 Okla. 384, 114 Pac. 724; *Smith v. Harrod,* 29 Okla. 3, 115 Pac. 1015.

The order of the court made on the 14th day of April, 1908, above set out, recites that upon motion of the parties the court was asked to set the case for trial, and upon agreement of counsel, waiving the regular judge's disqualification, he set the cause for trial and appointed a special judge. The

language of the order is not entirely clear; but what seems to us to be the fair import thereof is that the parties to this action were in court on that date, and agreed to the setting of the cause by the regular judge and the appointment of the special judge. There is nothing in the record to contradict that such is the meaning of the order, except as doubt may be thrown upon its meaning by the ambiguity in the language of the order. More than two years elapsed after the rendition of the judgment in this case before any order of sale was issued; and whether plaintiffs in error were in fact in court in person or by counsel and agreed to the appointment of the special judge, in law they were in court, and are charged with knowledge of the orders made by the court, because due service of process had been had upon them; and in the great length of time that had elapsed since the rendition of the judgment before the issuance of the order of sale thereunder no steps were taken by them to have the judgment set aside, or to have the foregoing order of the court corrected if it does not recite the facts; and at the hearing upon the objections to the confirmation of the sale, although they introduced evidence upon other issues raised by their objections, they did not offer any evidence to the effect that they were not present in person or by counsel at the time of the appointment of the special judge, or that they did not agree to the appointment. But we are asked to infer in the face of that order that because, on a subsequent date, a judgment by default was rendered, plaintiffs in error were therefore not present at the time of the making of the order appointing the special judge. This we cannot do; and we construe the order to have that meaning which is suggested upon a reading thereof, rather than one that might be adopted if the order be construed by applying a strict grammatical construction of the terms of the order.

The second objection to the confirmation of the sale, upon the ground that there was no appraisement of the property before the sale, should have been sustained. The mortgage upon

which the decree is based provides that in the event of fore-closure the lands mortgaged shall be sold in the manner pro-vided by law, and the decree provides that the sale shall be so made. There is neither in the mortgage nor in the decree any waiver of appraisal, as provided by the statute. Failure to appraise the property sold, as required by section 5977, Comp. Laws 1909 (Rev. Laws 1910, sec. 5161), unless waived, ren-ders the sale void, and the court should have refused to con-firm same; and upon the motion of plaintiffs in error the sale should have been set aside. *Hancock v. Youree et al.,* 25 Okla. 460, 106 Pac. 841.

The order of the trial court confirming the sale is set aside, and the cause remanded for further proceedings not in con-flict with this opinion.

All the Justices concur.