**CHERRY et al, v. CITY NAT. BANK.**

No. 7780—Opinion Filed Oct. 17, 1916.

Rehearing Denied Nov. 14, 1916.

(160 Pac. 896.)

**Execution—Sale—Notice—Sufficiency.**

A notice of sale under section 5166, Rev. Laws 1910, published once a week for six weeks in a daily edition, is insufficient, and an objection to the confirmation of sale based thereon should have been sustained.

(Syllabus by Hooker, C.)

Error from District Court, Comanche County; J. T. Johnson, Judge.

Action by the City National Bank against E. A. Cherry and another. From a judgment confirming a sale under execution, defendants bring error. Reversed and remanded.

L. M. Gensman and W. T. Dixon, for plaintiffs in error.

H. A. Smith, for defendant in error.

Opinion by HOOKER, C. A judgment was rendered in this case on the 12th day of August, 1914, to satisfy which a sale of real estate involved herein was directed to be made, and thereafter, on the 15th day of February, 1915, an order of sale was issued directing the sheriff to advertise and sell said real estate in the manner and form as provided by law; and the sheriff did advertise said property for sale by causing notice thereof to be published in the Lawton Constitution, a newspaper printed and of general circulation in Comanche county, Okla. And it appears from the affidavit of the publisher of said Lawton Constitution that said notice was published in said paper for six consecutive Thursdays (and omitted from the other daily issues). The sale was had and a return thereof made by the sheriff. Thereafter the plaintiff in said action filed a motion to confirm the sale, and H. A. Cherry and Martha M. Cherry filed objections to the confirmation for the following reasons:

"First. That the sum of $800 is grossly inadequate; the value of said property being $3,000.

"Second. That no legal notice was published of said sale as required by law."

The court, after hearing the objections, overruled the same and confirmed said sale, and H. A. Cherry and Martha M. Cherry appealed therefrom. These reasons were the only ones presented to the trial court; hence they are the only ones we can consider here.

Inadequacy of price alone is insufficient to justify a court in setting aside a sale, but, when considered with other good reasons, the same appeals very strongly to the discretion of the court. The evidence here hardly justifies the assertion that the price bid for the property is disproportionate to its value.

The second ground relied upon by the plaintiffs in error presents a more formidable reason why this sale should be disturbed.

Section 5166 of the Revised Laws of 1910 is as follows:

"Lands and tenements taken on execution shall not be sold until the officer cause public notice of the time and place of sale to be

given, for at least thirty days before the day of sale, by advertisement in some newspaper printed in the county. * * * All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable."

This statute comes to us from Kansas, and at the time of its adoption here the same had been construed by the courts of Kansas in the following cases:

Treptow v. Buse et al., 10 Kan. 170, where the Supreme Court of Kansas, through Mr. Justice Brewer, said:

"The next point is that the advertisement of the sale was not sufficient as to time. The first publication was on July 13th; the sale on August 14th. The publication was in the weekly paper, and was repeated each consecutive week from the time of the first publication to the day of sale. This, we think, satisfies the statute. It is not necessary that the notice be in a daily paper. A weekly is sufficient. Nor does the statute call for publication for a certain number of weeks. It says notice 'must be given by advertisement for at least thirty days before the day of sale.' Civil Code, sec. 457. Here the notice was published more than 30 days before the sale, and was continued through every successive issue of the paper until that time."

Likewise the same court, in McCurdy v. Baker, 11 Kan. 111, said:

"The questions in this case arise upon the construction of section 457 of the Civil Code. Is notice by posting upon the courthouse door and in five other public places in the county required in all cases of sale, or only in those cases where there is no newspaper printed in the county? We think the section may fairly be construed to sustain either view, and it is difficult to suggest reasons why either should be preferred. We shall sustain the latter, and hold that notice by posting is necessary only where there is no newspaper printed in the county. We do this because the language of the section as clearly sustains this as the other, and because, this having been accepted in some parts of the state as correct, and sales made in accordance therewith, the opposite construction might cast a cloud upon many titles. Is one insertion of the notice in the paper sufficient, or must it be continued through the successive issues of the paper up to the day of the sale? The language is, 'public notice of the time and place of sale, for at least 30 days before the day of sale, by advertisement in some newspaper.' The preposition 'for', as used in the language quoted, requires, as it seems to us, an insertion in each successive issue of the paper up to the day of sale, the first one being more than 30 days prior thereto. In the authority cited by counsel the language was 'at least 60 days': the preposition 'for' being omitted. The difference is obvious."

In the case of Whitaker v. Beach et al., 12 Kan. 492, the Supreme Court said:

"The statute requires public notice 'for at least thirty days before the sale' by advertisement, etc. The question turns upon the force of the word 'for' in the language quoted. It seems to us to be nearly equivalent to the word 'during.' Such is a common signification of the word, and unless it have that meaning * * * that a single insertion in the paper should be sufficient, they would have expressed this intention much more clearly by omitting 'for,' and saying only, 'at least thirty days.'"

And in the syllabus of this case it is said:

"(1) In sales of real estate upon execution or order of sale, the notice of sale published in the newspaper must be first published at least 30 days prior to the day of sale, and continued in each successive issue of the paper up to the day of sale. Scott v. Paulen, 15 Kan. 168; Watkins v. Inge, 24 Kan. 616.

"'(2) In sales of real estate upon execution, an advertisement in a weekly newspaper is sufficient, provided the first publication is at least 30 days before the sale, and the advertisement is continued in each successive issue up to that time.' Treptow v. Buse, 10 Kan. 170."

In the case of Rounsaville v. Hazen, 33 Kan. 76, 5 Pac. 426, it is said:

"It appears from the evidence that this notice was published in a weekly newspaper on March 30th, April 20th, and April 27th of the year 1882, for the sale which was to take place, and did take place, on April 29th of that year, and that the notice was not published in such newspaper on April 6th, or April 13th, but for some unexplained reason was omitted from the issues of the paper on those days and of those dates. Does this omission render the notice void? We think it renders the notice voidable, and for that reason the sale might have been vacated or set aside upon proper motion before its confirmation. McCurdy v. Baker, 11 Kan. 111; Whitaker v. Beach, 12 Kan. 492. But we do not think that the omission renders the sale void, or that it may be treated as void in any collateral proceeding, or upon any collateral attack like the present."

Likewise in Watkins v. Williams, 33 Kan. 149, 5 Pac. 771, it is said:

"In sales of real estate upon execution, a notice of the sale as published in the newspaper should be given for at least 30 days before the day of sale, and should be continued in each successive issue of the newspaper up to the time of the sale. * * * Where the notice is not so published the sale may be set aside upon motion, at any time before confirmation."

From the foregoing authorities we are of the opinion that the publication notice in this case was not good, and that, the objec-

tion thereto before confirmation being made by the plaintiffs in error, the same should have been sustained.

The judgment of the lower court is therefore reversed, and this cause is remanded for proceedings consistent with this opinion.

By the Court: It is so ordered.