## JOHNSON et al. v. TAYLOR et al.

No. 6776—Opinion Filed June 11, 1918.

(173 Pac. 1039.)

(Syllabus.)

1. **Appeal and Error—Decision on Former Appeal—Law of the Case.**

A question decided by the Supreme Court on a former appeal becomes the law of the case on a second appeal, provided the facts presented at the second trial are substantially the same as before the court at the first trial.

2. **Mortgages — Foreclosure Decree—Advertisement of Sale—Statute.**

In a decree foreclosing a real estate mortgage in which it is ordered that the mortgaged premises be sold "according to law," and where the order of sale made pursuant thereto provided that the mortgaged premises "be advertised and sold according to law," the publication required is that provided in section 5166, Rev. Laws 1910.

3. **Same — Publication of Notice — Requisites.**

In sales of real estate made upon order of sale under the circumstances stated in the foregoing paragraph, the notice of sale, required to be published by section 5166, must be first published at least 30 days prior to the day of sale, and continued in each successive issue of the paper up to the day of sale; that is, in every issue of the paper between the first insertion of the notice and the day of sale.

Error from District Court, Noble County; Henry S. Johnston, Special Judge.

Suit for foreclosure by George I. Lynch against Petty Johnson and Angelina Johnson, in which R. Schwint intervened. Judgment for intervener against defendants, and the judgment was assigned to S. A. Moore and then to James M. Taylor, who purchased at the foreclosure sale. From orders overruling objections to the sale and confirming the sale on motion of Taylor, and refusing to vacate the sale and set aside the judgment, defendants Johnson bring error. Reversed and remanded with instructions.

H. A. Johnson, for plaintiffs in error.

Cress & St. Clair, for defendants in error.

SHARP, C. J. As we understand from the unsatisfactory record presented for our review, one Lynch, on November 11, 1905, commenced a foreclosure proceeding in the district court of Noble county against defendants Petty Johnson and Angelina Johnson; that afterwards R. Schwint intervened in said suit, and judgment was rendered in his favor against the Johnsons in the sum of $1,375.93, with interest and attorney's fee,

and a mortgage on certain lands, made to secure the payment of a promissory note made by the Johnsons, was foreclosed and the land ordered sold. On the 19th day of February, 1910, Schwint assigned his judgment to S. A. Moore, who on October 16, 1913, in turn assigned the judgment to James M. Taylor. On December 23, 1913, an order of sale was issued by the district clerk of Noble county, commanding the sheriff to cause the mortgaged premises to be advertised and sold according to law. From the return of the sheriff indorsed on the order of sale, it appears that the land was duly appraised and sale thereof made to James M. Taylor, the owner of the judgment. The return also discloses that the notice of sale was published in the Perry Republican.

"The first publication thereof was made on the 8th day of January, 1914, and same was published each week in each succeeding issue of said paper until and including the 5th day of February, 1914."

At the time of the proceedings for the sale of the land there was pending a motion to vacate the judgment, which motion was filed October 10, 1913. The motion charged in effect that the judgment was void because the special judge who heard the case was unauthorized to act. This motion, we have seen, was subsequently denied by the court at the time of the confirmation of sale. The error assigned upon this ground is without merit, and was expressly decided against the claim of plaintiffs in error in a former appeal of the same case, sub nom. Johnson et al. v. Lynch et al., 38 Okla. 145, 132 Pac. 350, and will therefore be given no further consideration.

Of the remaining errors urged it will be necessary only to consider the action of the court in confirming the sale on the motion of defendant in error Taylor, and in overruling the objections of the Johnsons and holding that the notice of sale as published and shown by the sheriff's return was sufficient. Assuming, as we may, that the publication in the Republican was on the same day of each succeeding week, the publication appeared in the issues of January 8th, 15th, 22d, 29th, and February 5th. The former and latter days are specifically named in the return as the first and last days of issue in which the publication notice appeared. From the last day of publication to the day of sale covered a period of 9 days; hence the publication did not appear in each succeeding issue of the paper prior to the day of sale. In answer to this contention, defendants in error say that section 5166, Rev. Laws 1910, requiring that public notice of

the time and place of sale be given for at least 30 days before the day of sale, has no application to a sale made in foreclosure proceedings. The contrary rule was announced by the Supreme Court of Kansas in construing a like statute in the early opinions of McCurdy v. Baker, 11 Kan. 112, Whitaker v. Beach, 12 Kan. 493, and recognized in the later cases of Northrop v. Cooper, 23 Kan. 432, Rounsaville v. Hazen, 33 Kan. 71, 5 Pac. 426, and Watkins v. Williams, 33 Kan. 149, 5 Pac. 771. This court followed the rule announced by the Supreme Court of Kansas in Cherry et al. v. City National Bank, 61 Okla. 236. 160 Pac. 896, which was a foreclosure sale though the opinion does not clearly disclose that fact.

While section 5166 refers to "lands and tenements taken on execution," it should not be construed to hold that by execution is meant only a general execution against the property of the judgment debtor. Under our statute (section 5150, Rev. Laws 1910) executions are of three kinds: (1) Against the property of the judgment debtor; (2) for the delivery or possession of real or personal property, with damages for withholding the same, and costs; and (3) executions in special cases. That an order of sale in a foreclosure proceeding is a form of special execution appears reasonably certain from sections 5128, 5162, and 5216, Rev. Laws 1910. This view of the law was announced in Price v. Citizens' State Bank, 23 Okla. 723, 102 Pac. 800, Richmond v. Robertson et al., 50 Okla. 635, 151 Pac. 203, and Martin v. Hostetter et al., 59 Okla. 246, 158 Pac. 1174. In the latter case it was held necessary under our procedure, in order to enforce a decree of foreclosure of a mortgage upon real estate, that a special execution or order of sale issue from the office of the clerk of the district court to the sheriff of the county. From an examination of the statutes and the decisions based thereon, it would seem quite clear that a mortgage foreclosure sale, made under an order of court wherein, as here, it is directed that the mortgaged premises be sold according to law, requires the publication provided for in section 5166, supra. As the publication did not appear in the last issue of the paper before the sale, and as this is a direct proceeding in error from the action of the court in overruling the objections of the Johnsons to the confirmation of the sale on the specific ground that the notice had not been published for the length of time required, the action of the trial court must be reversed. In such case section 5166 is not only applicable, but its requirements are mandatory. We have carefully read Norton v. Reardon,

67 Kan. 302, 72 Pac. 861, 100 Am. St. Rep. 459, and the several opinions in Watson v. Keystone Iron Works Co., 70 Kan. 43, and 70 Kan. 61, 74 Pac. 369, and 78 Pac. 156, and find nothing therein that would impel us to reach a different conclusion.

Because of the error of the trial court in confirming the sale and in overruling the objections of the judgment debtors, the judgment of the trial court is reversed, and the cause remanded, with instructions to proceed in conformity to the views herein expressed.

All the Justices concurring.