R. G. WINSLOW, Respondent, v. GEORGE KLUNDT, Margaretha Klundt, His Wife, C. W. Spaulding, Dr. C. W. Spaulding, and Mrs. C. W. Spaulding, His Wife, C. W. Spaulding, Jr., and Mrs. C. W. Spaulding, Jr., His Wife. GEORGE KLUNDT and Margaretha Klundt, Appellants.

(201 N. W. 169.)

**Mortgages — on foreclosure, levy by filing notice in office of register of deeds not essential to sale of land subject to lien of judgment.**

1. When a judgment roll, in an action to foreclose a mortgage on real

---

property, is filed in the office of the clerk of the district court, and the judgment is docketed therein, the judgment becomes a lien on the real property of the judgment debtor in that county, or in any county where a transcript of the docket is filed, and such real property may be sold under execution by the sheriff without a levy by filing a notice in the office of the register of deeds. Section 7547, Comp. Laws, 1913, insofar as the filing of such a notice is required, does not govern.

**Mortgages — objection to execution sale under foreclosure held to have been made too late; noncompliance with statute as to publication of notice rendered sale voidable, and not void.**

2. Objection to an execution sale, pursuant to a judgment in a foreclosure action, made on motion after the sale had been reported to and confirmed by the court and a sheriff's deed issued to the assignees of the sheriff's certificate, comes too late, when the sole ground is noncompliance with a statute which requires the notice of sale to be published "once a week for at least thirty days prior to making such sale," in this, that, altho the notice was published five times for five consecutive weeks, the first publication being more than thirty days prior to the date of sale, there was published one issue of the weekly paper between the date of the last publication and the day of the sale in which such notice was not published. If this ·be ˙a noncompliance, it does not render the sale void, but merely voidable.

**Question not decided.**

3. Whether, in an action in equity, where all the issues may be fully investigated, a sale may, under any circumstances, after confirmation, be set aside on the ground of irregularity in publishing the notice of sale, is not decided.

Opinion filed November 26, 1924.

Executions, 23 C. J. § 210 p. 426 n. 44. Mortgages, 27 Cyc. p. 1671 n. 5; p. 1691 n. 81; p. 1708 n. 28; p. 1709 n. 37.

Appeal from an order denying motion to vacate order confirming sale made by Honorable *J. A. Coffey,* of the Stutsman County District Court.

Affirmed.

*John A. Jorgenson,* for appellants.

Under statutes similar to ours it is held that publication of the notice of sale must commence thirty days before the sale and be inserted in each issue of the paper up to and including the day of sale, Watkins v. Williams, 33 Kan. 149, 5 Pac. 771; Roundsaville v. Hazen, 33 Kan. 71, 6 Pac. 422; Whitaker v. Beach, 12 Kan. 492; McCurdy

v. Baker, 11 Kan. 111; Treptow v. Buse, 1 Kan. 170; Cherry v. City (Okla.) 160 Pac. 896.

Lapse of one week between last day of advertisement and day of sale will render sale void. Mercantile Co. v. Braxton (Miss.) 82 So. 323; Johnson v. Taylor (Okla.) 173 Pac. 1039.

It is not laches preventing attack on sale to wait until expiration of period of redemption, but to wait four, five, or six years may be too long; some authorities permit an attack even later; some arbitrarily, more or less, fix it at 2 years from date of sale. 19 R. C. L. 616, § 433; 92 Am. St. Rep. 593.

*Knauf & Knauf,* for respondent.

A mere irregularity at most is merely voidable and not void if objection is made thereto prior to confirmation. Ramseville v. Hagen, 33 Kan. 71, 5 Pac. 422.

Defendant in default is required to appeal and within the time limited by law. And an order of confirmation cures irregularities and has the force of judgment. Dakota Invest. Co. v. Sullivan, 9 N. D. 303.

Defendant cannot remain silent and let deed issue. Cooley v. Wilson, 42 Iowa, 425; Higbee v. Daeley, 15 N. D. 339; Past v. Renier, 30 N. D. 75; Power v. Larabee, 3 N. D. 510.

JOHNSON, J. On or about the 15th day of December, 1922, the plaintiff obtained a judgment against the defendants in an action commenced by him to foreclose a mortgage upon real property in Stutsman county. In that judgment it was decreed that the property described in the mortgage, or as much thereof as might be necessary to pay the judgment, be sold at public auction, in the manner provided by law for the sale of property under execution, under the direction of the sheriff of that county. Pursuant to that judgment and a writ issued thereunder, the sheriff of Stutsman county published notice of sale in a weekly newspaper. The notice was published on the 4th, 11th, 18th, and 25th days of January and on the 1st day of February, 1923. There is no question about the form of the notice. The date of sale was the 10th of February, 1923. On that date the property was duly offered for sale and sold to the mortgagee for the full amount of the judgment, together with the costs of the proceedings culminating

in the sale, namely, $6197.56. A sheriff's certificate was issued to the purchaser, dated February 10, 1923, and a report of the sale was made to the district court. The sale was confirmed by order of the district court on or about the 12th day of February, 1923, pursuant to § 7752, Comp. Laws, 1913, and subsection 2 of § 7745, which provides:

"All sales made without notice as provided in this section must be set aside by the court to which the execution is returnable, upon motion to confirm the sale."

On the 2nd day of June, 1924, pursuant to notice thereof dated May 14, 1924, a motion was made by the defendants to vacate and set aside the order confirming the sale as aforesaid, which was in all things denied on June 4, 1924. It is from this order, denying the motion to vacate, that the defendants appeal.

The sheriff's certificate of sale was assigned by the plaintiff on or about the 16th day of January, 1924, to one H. C. Young, and such assignment was recorded on January 24, 1924. A sheriff's deed was issued February 15, 1924.

There are two general assignments of error. First, it is said that the trial court erred in confirming the sale because the report of sale does not show that a levy was made as required by the statutes of this state by filing with the register of deeds a notice of levy and that, therefore, there was no valid levy; second, it is said that the court erred in confining the sale because the sheriff's report affirmatively shows noncompliance with § 7745, Comp. Laws, 1913, with respect to the publication of the notice of sale. Specifically, the error here alleged is based upon the fact that the last publication was on February 1, the day of the sale on February 10, with one intervening issue of the newspaper in which the notice was not published. It is contended that this renders the sale void and that it is not saved by the fact that the first publication was more than thirty days prior to the date of sale.

Counsel for the appellant contends that under § 8105, Comp. Laws, 1913, sales of property pursuant to foreclosure of mortgages on real property must be made upon "like notice and in the same manner as provided by law for the sale of real property upon execution;" that under § 7720, the levy on an execution shall be made in the same manner as a levy under a warrant of attachment; and that under §

7547, a levy upon real property is made by the sheriff's filing with the register of deeds of the county where the property is situated a notice of attachment subscribed by him, stating the names of the parties to the action, the amount of the plaintiff's claim, and a description of the property levied upon, which notice must be recorded by the officer. Section 7723, providing that the officer must execute the writ by levying upon the property of the judgment debtor, etc., is likewise cited. It is then said that the sheriff did not comply with these statutory provisions in this, that no notice of levy was filed and recorded in the office of the register of deeds and that, therefore, no valid levy was made. From the affidavit of the register of deeds, made a part of the moving papers, it appears that no such notice of levy was filed or recorded in his office. It is then said that this omission renders the execution sale void.

Section 7691, Comp. Laws, 1913 provides that when a judgment roll, upon a judgment directing in whole or in part the payment of money, is filed, the judgment may be docketed with the clerk of the district court in which it was rendered, and such judgment thereupon becomes a lien on all the real property, except the homestead, of the person against whom it was rendered, and which the judgment debtor had when the same was docketed, or which may be acquired by him thereafter. The record shows that the judgment in the foreclosure action was obtained in the district court of Stutsman County in December, 1922; that a writ therein was issued by the clerk and pursuant to the writ and the judgment the sale was had. It therefore clearly appears that the judgment was docketed in the district court and became a lien upon the property of the judgment debtors, including the property covered by the mortgage sought to be foreclosed in that action. Under the facts in this case, therefore, the statutory provisions, requiring a notice of levy to be filed and recorded in the office of the register of deeds in order to make a valid levy have no application. The judgment was a lien on the land, the execution is merely a power to sell —to give effect to the judgment—and a levy is, therefore, unnecessary. In Britannia Min. Co. v. United States Fidelity & G. Co. 43 Mont. 93, 115 Pac. 46, this identical question was before the Montana Court. Speaking on the point made by counsel in that case, the court say:

. "(3). The term "levy" has a well-defined meaning; but it cannot

apply to an execution issued upon a judgment of this character. The object of a levy is to bring the property within the custody of the law and prevent the judgment debtor from disposing of it to the prejudice of the creditor before sale can be made. But in this instance the Nickey judgment was itself a lien upon the property to be sold. The property was already in the custody of the law and beyond the control of the judgment debtor, so far as the rights of the creditor were concerned. The execution was the mere instrumentality through which the creditor might reap the fruit of a seizure which had already been made by virtue of the judgment lien. In such a case the Code contemplates that the sheriffs shall give the required notice and sell. Nothing more is required, and the references to a levy, in section 6827 and elsewhere, can apply only to property of a character different from that we are now considering. To make a formal levy in a case of this kind would be an idle ceremony, without significance, legal or otherwise. These views follow the reason of the law, and are supported by the authorities from states having similar statutory provisions." Without discussing the point further, we are satisfied that the holding of the Montana court is sound and that the provisions of § 7547 are inapplicable to the facts in the record. See also 23 C. J. 426, note 44.

In support of the contention that the statute prescribing the time and manner of giving and publishing the notice was not complied with, counsel relies on Kansas and Oklahoma cases. Our statute provides that the notice must be published "once a week for at least thirty days prior to making such sale." Comp. Laws, 1913, § 7745, subd. 1. In the Kansas cases cited, it appears that there was published one issue of the paper between the date of the last publication of the notice and the day of the sale and it was held that in a proceeding to confirm the sale, the objections made, at the time when confirmation was sought, should be sustained on the ground that the publication of the notice was not had in conformity with the statute. Watkins v. Williams, 33 Kan. 149, 5 Pac. 771; Whitaker v. Beach, 12 Kan. 492; McCurdy v. Baker, 11 Kan. 111; Rounsaville v. Hazen, 33 Kan. 71, 5 Pac. 422; Cherry v. City Nat. Bank, 61 Okla. 236, 160 Pac. 896. In all of these cases the objection to the sufficiency of the publication was made either before confirmation, or at the time when application was made for confirmation of the sale. In Cherry v. City Nat. Bank, supra,

the court simply held that inasmuch as the statute of Oklahoma, which is substantially identical with our statute, quoted supra, was borrowed from Kansas, the construction put upon it by the Kansas court, prior to its adoption in Oklahoma, would be adopted.

In the view we take of this case it is not necessary to discuss or determine whether this construction of the statute by the Oklahoma and Kansas courts should be accepted in this state. We are satisfied that the objection in the instant case came too late. As has been indicated, a sheriff's deed had been issued to a purchaser of the sheriff's certificate. The grantee named in the sheriff's deed is not a party. Attempt is made to vacate the sale on motion, supported by affidavits. This is not a plenary suit in equity. No objection was made to the confirmation of the sale, altho one of the defendants, who is also one of the appellants herein, was present at the sale and knew in fact when it was made. The Supreme Court of Oklahoma, in Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365, had this precise question before it. That was a direct proceeding to set aside the judgment and the sale. There it appeared that the last publication of the notice was on February 12, 1914, the sale was made on February 23, and more than one week intervened between the last publication and the date of the sale. The court held that, inasmuch as no objection was made to the confirmation of the sale, it was not error to refuse to vacate the order of confirmation, unless the defect in the notice rendered the sale void. The court held that the defect did not render the sale void and that, therefore, the application to vacate came too late. The Supreme Court of Kansas, in Rounsaville v. Hazen, 33 Kan. 71, 5 Pac. 422, held that such an omission did not render the sale void. The court say: "We think it renders the notice voidable and for that reason the sale might have been vacated or set aside upon proper motion *before its confirmation*; but we do not think that the omission renders the sale void, or that it may be treated as void in any collateral proceeding, or upon any collateral attack like the present." We are satisfied that the motion to vacate was properly denied.

It may be, in some circumstances and in a suit in equity, where all issues can be fully investigated, that a suit to vacate such a sale, after confirmation, could be maintained. That question is not before

us and is not decided. See Warren v. Stinson, 6 N. D. 293, 70 N. W. 279.

The judgment of the trial court is affirmed.

BRONSON. Ch. J., and CHRISTIANSON and BIRDZELL, JJ., and JANSONIUS, District J., concur.

Mr. Justice NUESSLE, being disqualified, did not participate; Honorable FRED JANSONIUS, Judge of the Fourth Judicial District, sitting in his stead.