### TAYLOR et al. v. SECURITY BUILDING & LOAN ASSOCIATION.

No. 26407. Sept. 8, 1936.

Rehearing Denied Oct. 6, 1936.

H. A. Johnson, for plaintiffs in error.

Abernathy & Howell and W. M. Bowles, for defendant in error.

PER CURIAM. Herein Security Building & Loan Association obtained a judgment against Mame C. Taylor and Roger G. Taylor on a promissory note secured by a mortgage covering real estate in Noble county. Foreclosure was decreed and the realty ordered sold to satisfy the mortgage lien. Under special execution and order of sale the property was advertised and sold, and, upon return of the sheriff, defendants Taylor filed objections to the confirmation of the sale. The court, upon consideration of the proceedings of the sheriff in making the sale, after hearing the objections thereto, found that the sale had, in all respects, been made in conformity to law, and entered an order confirming and approving the same and directed the sheriff to execute and deliver his deed to the purchaser.

The sole question presented for review is the sufficiency and regularity of the publication of notice of sale under the execution and order of sale. The affidavit of publication attached to the return of the sheriff recites in part as follows:

"Sam Schweiger, of lawful age, being first duly sworn, deposes and says that he is editor of The Perry Journal, a daily and weekly newspaper printed and published in the city of Perry, Okla., and of general circulation in said county and state and has been continuously and uninterruptedly published in said county during a period of 52 consecutive weeks prior to the first publication of the notice hereto attached, and that a notice of which a true copy is hereto attached was published in the regular and entire edition of said Perry Journal for 5 consecutive weekly issues the first publication being made on the 25 day of October A. D. 1934, and the last on the 22 day of November A. D. 1934."

The return of the sheriff of the proceedings had under the execution and order of sale shows that notice was duly given of the sale to be held on the 26th day of November, 1934, at 2 o'clock p. m., and pursuant to such notice the property was offered for sale at public auction, and sold to the plaintiff at the time stated in said notice. Defendants contend that the notice of sale should have been published in every **daily** issue of the Perry Journal, and that the omission of the notice from each daily issue of the newspaper is fatal to the validity of the sale. Under the provisions of section 455, O. S. 1931, it is necessary to cause public notice to be given for at least 30 days before the day of sale by publication in a newspaper of general circulation in the county where the real estate to be sold is situated. Publication is authorized in a weekly newspaper and must be repeated

each consecutive issue from the first publication to the day of sale. Cherry v. City National Bank, 61 Okla. 236, 160 P. 896. It appears from the affidavit of the publisher, quoted above, that notice of sale was "published in the regular and entire edition of said Perry Journal for five consecutive weekly issues, the first publication being made on the 25th day of October, A. D. 1934, and the last on the 22nd day of November, A. D. 1934." The first publication antedated the day of sale more than 30 days, the day of sale was on the 26th day of November, 1934, and it is therefore apparent, since the notice appeared in the newspaper "for five consecutive issues," that publication was given the notice in each issue of the Perry Weekly Journal from the date of the first publication to the day of sale. This publication satisfies the requirements of the statute, and there is no merit in the contention of the defendants that the notice must also be published in the Perry Daily Journal. Johnson v. Taylor, 68 Okla. 229, 173 P. 1039. The trial court properly denied the objections to the confirmation of the sale and correctly entered an order approving the proceedings of the sheriff under the order of sale and directing the issuance of a deed.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Forrester Brewster, Irwin Donovan, and R. M. Mountcastle in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of. law and facts was prepared by Mr. Brewster and approved by Mr. Donovan and Mr. Mountcastle, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL. C. J., OSBORN. V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.