**S.N.S., Appellee,**

**v.**

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellant,**

**and**

**Stark County Social Service Board, Respondent.**

**Civ. No. 900389.**

Supreme Court of North Dakota.

Sept. 17, 1991.

David Boeck (argued), Legal Assistance of North Dakota, Bismarck, for appellee.

Sidney J. Hertz Fiergola (argued), Asst. Atty. Gen., Atty. General's Office, Bismarck, for appellant.

MESCHKE, Justice.

The North Dakota Department of Human Services [the Department] appealed from a district court judgment reversing the Department's denial of Aid to Families

with Dependent Children [AFDC] benefits to S.N.S. [Sherry, a pseudonym]. We conclude that the Department failed to properly consider Sherry's attestation that she had no further information on paternity of her child. We therefore modify the judgment of the district court and remand with directions that judgment be entered remanding to the Department for further proceedings in accordance with this opinion.

After Sherry's child, [Margie, a pseudonym], was born in January 1982, Sherry applied for AFDC benefits. She identified Larry [a pseudonym] as the father of her child. The Regional Child Support Agency filed a paternity action against Larry in 1983. When blood tests excluded Larry as the father, the paternity action was dismissed with prejudice by stipulation of the parties.

Thereafter Sherry continued to receive AFDC benefits until August 1988, when her income became sufficient to discontinue the benefits. When her income again declined in December 1988, Sherry reapplied for benefits. In February 1989 the Stark County Social Services Board ruled that Sherry was not cooperating in efforts to establish paternity of Margie. Upon a finding of non-cooperation, benefits continue for the child, but without taking into consideration the needs of the "caretaker relative." 45 C.F.R. 232.12 (1990). Sherry's needs were deleted from the AFDC grant.[1]

Sherry appealed that ruling to the Department and submitted an attestation, as authorized by 45 C.F.R. 232.12(b)(3) (1990), stating that she still believed Larry was Margie's father and that she had no other information about sexual intercourse with other persons during the relevant time. Following a hearing, the Department found that Sherry was not credible and concluded

that she had failed to cooperate. The Department affirmed the deletion of Sherry's needs from the AFDC grant.

Sherry appealed to the district court. The court determined that the Department had improperly devalued Sherry's credibility and that the Department's findings of fact were not supported by the evidence. The district court reversed and the Department appealed.

■ On an appeal of the decision of an administrative agency, we review the decision of the agency, not the decision of the district court. *Plante v. North Dakota Workers Compensation Bureau,* 455 N.W.2d 195, 197 (N.D.1990). Our scope of review is governed by NDCC 28–32–19. We affirm the agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not sustained by the findings of fact, or its decision is not in accordance with the law. *Wendt v. North Dakota Workers Compensation Bureau,* 467 N.W.2d 720, 724 (N.D.1991). We conclude that the Department's decision is not in accordance with the law.

■ The AFDC program financially assists families with needy children "[f]or the purpose of encouraging care of dependent children in their own homes." 42 U.S.C. § 601. This grant-in-aid program is governed by federal and state statutes and regulations. *S.W. v. North Dakota Department of Human Services,* 420 N.W.2d 344, 346 (N.D.1988). If a state administers its program in accordance with all applicable federal statutes and regulations, the state is reimbursed by the federal government for a percentage of the funds expended for the program. *Heckler v. Turner,* 470 U.S. 184, 105 S.Ct. 1138, 1141, 84 L.Ed.2d 138 (1985); *Tomas v. Rubin,* 926 F.2d 906, 908–909 (9th Cir.1991). Federal law is germane.

---

1. Although the Social Services Board treated Sherry as cooperating and eligible for benefits long after 1983, the Board in 1989 concluded, upon identical facts and evidence, that Sherry was not cooperating. The Department is not able to explain this belated change of attitude. We are troubled by a procedure whereby a claimant is considered to be cooperating and eligible for benefits for six years but, after going off the program for awhile, upon reapplication is informed that she is not cooperating, although the situation has not really changed from the earlier time. Our disposition of this appeal should not be read as approval of the procedure employed by the Department.

■ An AFDC applicant must assign to the State any right to support from any other person and must cooperate in efforts to establish paternity and to obtain child support payments. 42 U.S.C. § 602(26). The extent of the cooperation required is spelled out in federal regulations:

(b) The plan shall specify that *cooperate* includes any of the following actions that are relevant to, or necessary for, the achievement of the objectives specified in paragraph (a) of this section:

(1) Appearing at an office of the State or local agency or the child support agency as necessary to provide verbal or written information, or documentary evidence, known to, possessed by, or reasonably obtainable by the applicant or recipient;

(2) Appearing as a witness at judicial or other hearings or proceedings;

(3) Providing information, or attesting to the lack of information, under penalty of perjury; and

(4) Paying to the child support agency any support payments received from the absent parent after an assignment under § 232.11 has been made. This includes support payments received in the current month and any amounts due to the IV–D agency under the IV–D State plan provisions for recovery of retained direct support payments at 45 CFR 302.31(a)(3)(ii).

45 C.F.R. 232.12(b) (1990). Cooperation includes, in subsection (b)(3), "attesting to the lack of information, under penalty of perjury."

The main question on this appeal is the effect to be given to Sherry's sworn attestation, in accordance with 45 C.F.R. 232.-12(b)(3), that she has no further information regarding the paternity of her child. Sherry's attestation was not even mentioned in the hearing officer's recommended findings or the Department's decision denying benefits. Even on appeal the Department largely ignores the attestation and does not recognize that it has any effect.

■ In *Tomas v. Rubin*, 926 F.2d at 910, the United States Court of Appeals for the Ninth Circuit outlined the effect of such an attestation under the federal regulations:

Although attestation is only one element of cooperation under the regulations, Tomas is correct that an attestation is meaningless if it may be ignored completely. To give meaning to the inclusion of the attestation in the definition of cooperation, an attestation of lack of information should create a presumption of cooperation that may be overcome by showing that the attestation was false, or that the applicant failed to cooperate in one of the other respects required by 45 C.F.R. § 232.12(b) and H.A.R. § 17–640–15.

The court then explained the quality of the evidence required to overcome the presumption of cooperation created by the attestation:

We hold that an attestation of lack of further information may be overcome where the agency has substantial evidence that the attestation was false. The substantial evidence standard is familiar in the context of welfare eligibility decisions. *See, e.g.,* 42 U.S.C. § 423(f) (1988) (substantial evidence of enumerated facts required for the termination of disability insurance benefits); *id.* § 1382c(a)(4) (1988) (substantial evidence of enumerated facts required to terminate supplemental security benefits for the aged, blind and disabled). This standard will also address Tomas' concerns: bare assumptions or inconsistencies in the applicant's statement unrelated to her attestation of lack of knowledge should not, without more, be considered substantial enough to overcome that attestation. *See Woods v. United States,* 724 F.2d 1444, 1451 (9th Cir.1984) ("Substantial evidence cannot be based upon an inference drawn from facts which are uncertain or speculative and which raise only a conjecture or a possibility.")

*Tomas v. Rubin,* 926 F.2d at 910. Thus, an attestation by an applicant that she has no additional information about paternity creates a presumption of cooperation, and the burden then shifts to the Department to

establish by substantial evidence that the attestation of lack of information is false.

The Department, without according any weight to Sherry's attestation of lack of information, found that Sherry's testimony was not credible and that she had failed to cooperate. The district court reversed and directed that, subject to other eligibility criteria, Sherry be found eligible for AFDC benefits based on her cooperation in establishing paternity and obtaining child support. However, where, as here, the Department failed to employ proper evidentiary standards, it is preferable that the Department be given an opportunity to determine eligibility using the proper standard. *See, e.g., Falcon v. Williams County Social Service Board*, 430 N.W.2d 569, 573–574 (N.D.1988); *Tomas v. Rubin*, 935 F.2d 1555 (9th Cir.1991) (on motion for rehearing). Therefore, we modify the judgment of the district court and remand with directions for remand to the Department for further proceedings consistent with this opinion. Costs on appeal are awarded to Sherry.

ERICKSTAD, C.J., and LEVINE VANDE WALLE and GIERKE, JJ., concur.