**Mary Jane DELORME, Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellant,**

**Rolette County Social Service Board, Respondent.**

**Civ. No. 920062.**

Supreme Court of North Dakota.

Nov. 24, 1992.

Duane Houdek (argued), Legal Assistance of North Dakota, Bismarck, for appellee.

William L. Strate (argued), Asst. Atty. Gen., Bismarck, for appellant.

Steven S. Zaleznick, Patricia DeMichele and Bruce Vignery, Washington, D.C., for amicus curiae American Ass'n of Retired Persons. Submitted on brief.

JOHNSON, Justice.

The North Dakota Department of Human Services ["the Department"] appeals from a district court judgment reversing the Department's order terminating child care reimbursement benefits to Mary Jane Delorme. We reverse the judgment of the district court.

Pursuant to a tribal court order, Mary Jane Delorme has had custody of her 3 year old grandson, Simon, since shortly after his birth. Prior to February 1991 Delorme received Aid to Families with Dependent Children [AFDC] benefits of $108 per month and child care reimbursement of $175 per month on behalf of Simon. Because Delorme works full-time and her income exceeds AFDC eligibility guidelines, her needs are not included in the family's AFDC grant. On February 11, 1991, Delorme was advised that, due to a change in federal regulations, she was no longer eligible for child care reimbursement.

Delorme requested and received a hearing on termination of child care reimbursement. The Department determined that, because Delorme was not an "AFDC eligible family member," she was not eligible for child care benefits. Delorme appealed to the district court, which reversed the Department's order terminating child care benefits.[1] The Department has appealed.

When a decision of an administrative agency is appealed to the district court and thereafter to this court, we review the decision of the agency and not that of the district court. *Mullins v. North Dakota Department of Human Services*, 483 N.W.2d 160, 166 (N.D.1992); *Hakanson v. North Dakota Department of Human Services*, 479 N.W.2d 809, 811 (N.D.1992).

---

1. The district court determined that the Department's order violated 42 U.S.C.S. § 602(g)(1)(D):
 "The State may not make any change in its method of reimbursing child care costs which has the effect of disadvantaging families receiving aid under the State plan on the date of the enactment of this section, by reducing their income or otherwise."
 The court, noting that this statute apparently was enacted in November, 1990, concluded that Delorme had been receiving benefits before its effective date and accordingly could not be disadvantaged by the State's change in method of reimbursing child care costs.
 The court's conclusion is based upon an error as to the effective date of the statute. Section 602(g)(1)(D) of Title 42 was enacted on October 13, 1988, not in November of 1990. *See* Family Support Act of 1988, Pub.L. No. 100–485, 102 Stat. 2343 (1988). In fact, as codified in the United States Code and United States Code Annotated, 42 U.S.C. § 602(g)(1)(D) provides:
 "The State may not make any change in its method of reimbursing child care costs which has the effect of disadvantaging families receiving aid under the State plan on October 13, 1988, by reducing their income or otherwise."
 The record below does not contain evidence of Delorme's benefit history. However, the Department asserts in its brief on appeal that Delorme was not receiving benefits under the State plan on October 13, 1988. Delorme does not challenge that assertion, and in fact concedes that she is not relying on this statute as a basis for affirmance of the judgment. In light of the parties' apparent agreement that the statute does not apply on this record, we need not further address this issue.

Our review is governed by Section 28–32–19, N.D.C.C., and the relevant issue in this case is whether the Department's order is in accordance with the law.

We recently summarized the AFDC program in *S.N.S. v. North Dakota Department of Human Services,* 474 N.W.2d 717, 719 (N.D.1991):

"The AFDC program financially assists families with needy children '[f]or the purpose of encouraging care of dependent children in their own homes.' 42 U.S.C. § 601. This grant-in-aid program is governed by federal and state statutes and regulations. *S.W. v. North Dakota Department of Human Services,* 420 N.W.2d 344, 346 (N.D.1988). If a state administers its program in accordance with all applicable federal statutes and regulations, the state is reimbursed by the federal government for a percentage of the funds expended for the program. *Heckler v. Turner,* 470 U.S. 184 [188–189], 105 S.Ct. 1138, 1141, 84 L.Ed.2d 138 (1985); *Tomas v. Rubin,* 926 F.2d 906, 908–909 (9th Cir.1991). Federal law is germane."

This appeal turns upon the interpretation of federal law. The relevant federal provision on child care benefits is 42 U.S.C. § 602(g)(1)(A)(i):

"*State agency responsibilities.* (1)(A)(i) Each State agency must guarantee child care in accordance with subparagraph (B)—

"(I) for each family with a dependent child requiring such care, to the extent that such care is determined by the State agency to be necessary for an *individual in the family* to accept employment or remain employed...." [Emphasis added.]

The federal regulation implementing the statute is 45 C.F.R. § 255.2(a):

"(a) The State IV–A agency must guarantee child care for a dependent child ... to the extent that such child care is necessary to permit an *AFDC eligible family member* to—

"(1) Accept employment or remain employed...." [Emphasis added.]

Delorme concedes that, because her income exceeds eligibility guidelines and she is not included on the AFDC grant, she is not an "AFDC eligible family member" under the regulation. She asserts, however, that the regulation conflicts with the clear and unambiguous language of the federal statute and consequently is invalid.[2]

■ In general, courts are to give great weight to an agency's construction of a statutory scheme it is entrusted to administer. *Clarke v. Securities Industry Association,* 479 U.S. 388, 403, 107 S.Ct. 750, 759, 93 L.Ed.2d 757, 771 (1987); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694, 704 (1984). This principle of deference to administrative interpretations "has been consistently followed ... whenever decision as to the meaning or reach of a statute has involved reconciling conflicting policies, and a full understanding of the force of the statutory policy in the given situation has depended upon more than ordinary knowledge respecting the matters subjected to agency regulations." *Chevron, supra,* 467 U.S. at 844, 104 S.Ct. at 2782–2783, 81 L.Ed.2d at 704, quoting *United States v. Shimer,* 367 U.S. 374, 382, 81 S.Ct. 1554, 1560, 6 L.Ed.2d 908, 914 (1961).

In *Sullivan v. Everhart,* 494 U.S. 83, 88–89, 110 S.Ct. 960, 964, 108 L.Ed.2d 72, 80 (1990), the Supreme Court summarized the scope of judicial review in such cases:

"Our mode of reviewing challenges to an agency's interpretation of its governing statute is well established: We first ask 'whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.' *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467

---

**2.** Because we are dealing with interpretation of a federal statute and the deference due a federal agency's construction of that statute, we will apply the rules of construction set out by the federal judiciary.

U.S. 837, 842–843 [104 S.Ct. 2778, 2781, 81 L.Ed.2d 694] (1984). 'In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.' *K mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 [108 S.Ct. 1811, 1817, 100 L.Ed.2d 313] (1988); see also *Mead Corp. v. Tilley*, 490 U.S. 714, 722–723 [109 S.Ct. 2156, 2161–2162, 104 L.Ed.2d 796] (1989). But 'if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute,' *Chevron, supra* [467 U.S.], at 843 [104 S.Ct., at 2781], that is, whether the agency's construction is 'rational and consistent with the statute,' *NLRB v. Food and Commercial Workers*, 484 U.S. 112, 123 [108 S.Ct. 413, 420, 98 L.Ed.2d 429] (1987)."

Delorme asserts that we need give no deference to the federal agency's interpretation because the statute is clear and unambiguous on its face. She argues that we should adopt the plain meaning of "family," quoting a dictionary definition describing "family" as a group of individuals living under one roof. She concludes that, under this definition of "family," she is an "individual in the family" and accordingly is entitled to benefits under the statute.

The Supreme Court has cautioned that "there is no errorless test for identifying or recognizing 'plain' or 'unambiguous' language." *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246, 252–253 (1981). We are reminded, however, that in ascertaining the "plain meaning" of particular statutory language, the court is to look to "the language and design of the statute as a whole." *Sullivan v. Everhart, supra*, 494 U.S. at 89, 110 S.Ct. at 964, 108 L.Ed.2d at 80.

In reviewing the statute as a whole, we note that 42 U.S.C. § 602 is a lengthy, complex piece of legislation which uses the term "family" numerous times. In many instances, it is clear that Congress has intended a limited scope of the word. For example, 42 U.S.C. § 602(a)(18) provides that "no family shall be eligible for [AFDC] aid under the plan for any month if, for that month, the total income of the family ... exceeds 185 percent of the State's standard of need for a family of the same composition...." Similarly, 42 U.S.C. § 602(a)(7)(B) provides that "the State agency ... shall determine ineligible for [AFDC] aid any family the combined value of whose resources ... exceeds $1000...." If the literal, dictionary definition of family applied to these provisions of the statute, Delorme's grandson would be ineligible for AFDC benefits altogether because the family's resources, including Delorme's income, would exceed the eligibility guidelines. In these sections of the statute, Congress apparently intended to encompass within the "family" only those individuals whose income, assets, and needs were considered in calculating the grant.

 A statute is ambiguous if it is susceptible to differing but rational meanings. *E.g., Rott v. Connecticut General Life Insurance Co.*, 478 N.W.2d 570, 573 (N.D.1991). We conclude that the statute, particularly the phrase "individual in the family," is susceptible to differing rational meanings.

Because the statute is not clear and unambiguous on its face, the federal agency's interpretation must be given controlling weight unless it is arbitrary, capricious, or manifestly contrary to the statute. *Sullivan v. Zebley*, 493 U.S. 521, 528, 110 S.Ct. 885, 890, 107 L.Ed.2d 967, 978 (1990); *Chevron, supra*, 467 U.S. at 844, 104 S.Ct. at 2782, 81 L.Ed.2d at 703. The court "may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron, supra*, 467 U.S. at 844, 104 S.Ct. at 2782, 81 L.Ed.2d at 703. We are not persuaded that the agency's interpretation is arbitrary, capricious, or manifestly contrary to the statute. Accordingly, the federal regulation is valid and controlling.

We conclude that the Department's order is in accordance with the applicable law.

We reverse the judgment of the district court and remand for entry of a judgment affirming the order of the Department.

ERICKSTAD, C.J., and VANDE WALLE, J., concur.

MESCHKE, Justice, dissenting.

A regulation limiting child care to "an AFDC eligible family member" does not "guarantee child care ... for each family with a dependent child requiring such care" as 42 U.S.C. 602(g)(1)(A)(i)(I) commands. In my opinion, the regulation violates the plain meaning of the Family Support Act and is invalid. Therefore, I respectfully dissent.

This guarantee of child care for a dependent child whose caretaker works was enacted by the Family Support Act of 1988 § 301, 42 U.S.C. § 602 (1988). Well before the current administration became preoccupied with correct family values, Congress sought to encourage work by the caretaker of a needy and dependent child. The legislative history explains that the purpose of the Family Support Act was

> to replace the existing AFDC program with a new Family Support Program which emphasizes work, child support, and need-based family support supplements, to amend title IV of the Social Security Act to encourage and assist needy children and parents under the new program to obtain the education, training, and employment needed to avoid long-term welfare dependence, and to make other necessary improvements to assure that the new program will be more effective in achieving its objectives, ...."

H.Conf.Rep. No. 998, 100th Cong., 2d Sess. 91, *reprinted in* 1988 U.S.Code Cong. &

Ad.News 2879. The emphasis is on employment to avoid welfare dependence.

The Senate Committee report explained: *The value of child care authorized under this provision may not be treated as income for purposes of any other Federal or federally-supported program that bases eligibility for or the amount of benefits upon need,* and may not be claimed as an employment-related expense for purposes of the dependent care credit under section 21 of the Internal Revenue Code of 1986.

S.Rep. No. 377, 100th Cong., 2d Sess. 35–36, *reprinted in* 1988 U.S.Code Cong. & Ad.News 2812–13.[1] (Emphasis supplied). This congressional history clearly rejects the notion, argued here by the Department and employed by the majority opinion, that, "[i]f the literal, dictionary definition of family applied to these provisions of the statute, [a "family with a dependent child"], Delorme's grandson would be ineligible for AFDC benefits altogether because the family's resources, including Delorme's income, would exceed the eligibility guidelines." The congressional history explicitly clarifies that the value of child care "may not be treated as income" for any eligibility purpose. Therefore, Congress has decreed that payment of child care assistance does not affect the working family member's eligibility for any other benefits.

The congressional emphasis is not on AFDC eligibility of a working family member, but rather on the need of the dependent child for child care to permit that member to obtain employment or to remain employed. The federal regulation contradicts 42 U.S.C. § 602(g)(1)(A)(i)(I) by limiting child care assistance to only caretaker relatives who are themselves eligible for

---

1. This policy was carried into the final enactment:

 6. *Income and tax treatment of child care benefits*
 
 *Present Law*
 No provision.
 
 *House Bill*
 The House bill requires that the value of any day care provided under this act not be treated as income for any other Federal or Federally-assisted need-based program and may not

be claimed as an employment-related expense for tax purposes.

*Senate Amendment*
The Senate amendment is the same as the House bill.

*Conference Agreement*
The conference agreement follows the House bill and the Senate amendment.

H.Conf.Rep. No. 998, 100th Cong., 2d Sess. 163, *reprinted in* 1988 U.S.Code Cong. & Ad.News 2951.

AFDC. 45 C.F.R. § 255.2 (1991). Nowhere does the statute state or imply the limiting status of an "AFDC eligible" family member.

An eligible "dependent child" is statutorily defined in the same subchapter on "Aid to Families with Children":

> The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home (other than absence occasioned solely by reason of the performance of active duty in the uniformed services of the United States), or physical or mental incapacity of a parent, *and who is living with his* father, mother, grandfather, *grandmother*, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training);

42 U.S.C. § 606(a) (1988) (emphasis supplied). Thus, 42 U.S.C. § 602(g)(1)(A)(i)(I) guarantees child care assistance to a dependent child living with his working grandmother.

In my opinion, this bureaucratic effort to add a limiting condition through a convoluted regulatory definition subverts the Family Support Act's goals of supporting family integrity and of encouraging employment. The Family Support Act guarantees the "dependent child" with the child care assistance required for the caretaking "individual in the family to accept employment or remain employed." [2]

Therefore, I would reverse and remand with directions to the Department to determine Delorme's eligibility on the statutory

---

**2.** *See Miller v. Carlson,* 768 F.Supp. 1331, 1336 (N.D.Cal.1991) (Preliminary injunction requiring state and federal officials to provide continued child care assistance to AFDC recipients who had been or would be terminated from state-sponsored employment and training program, but who continued to participate satisfactorily in their approved education or training activities):

> The child care provisions of the statute are not only broadly delineated, but also mandatory. The Family Support Act dictates that a state "must guarantee" child care for each eligible individual. 42 U.S.C. § 602(g)(1)(A)(i). Child care for *all* eligible individuals is therefore a requirement, not an option. Congress established only two criteria that an AFDC recipient must meet in order to qualify for child care: satisfactory participation in an educational or training activity, and approval of this activity by the state. Plaintiffs argue that the members of the class who seek preliminary relief, by definition, have met these criteria: they are participating satisfactorily in training or educational activities which the state already has approved. California has no authority to deny child care to plaintiffs to whom a federal statute guarantees such assistance. *See Miller v. Youakim,* 440 U.S. 125, 135, 99 S.Ct. 957, 964, 59 L.Ed.2d 194 (1979) (state was without authority to deny Foster Care benefits to children living with relatives where Congress mandated these benefits for "any" child eligible under federal requirements); *Townsend v. Swank,* 404 U.S.

282, 286, 92 S.Ct. 502, 505, 30 L.Ed.2d 448 (1971) (where Congress requires that aid be furnished "to all eligible individuals," states and federal agencies are without authority to approve more narrow criteria). Therefore, plaintiffs present a strong case that the categorical exclusion of AFDC recipients in education or training activities from child care eligibility solely because they are not GAIN participants is without congressional authorization and thereby invalid. *See also* 45 C.F.R. § 233.10(a)(1)(ii) ("A State may ... [p]rovide more limited public assistance coverage than that provided by the Act *only* where the Social Security Act or its legislative history authorizes more limited coverage.") (emphasis added).

\* \* \* \* \* \*

By contrast, the child care provisions are found in Title III of the Act, entitled "Supportive Services for Families" (not, significantly, "Supportive Services for JOBS Families"), and funding for child care is uncapped. 42 U.S.C. § 602(g)(3) (Supp.1990). States receive open-ended federal matching funds for child care provided to those who need it to accept employment or to remain employed, to JOBS participants, *and* to "each individual participating in an education and training activity ... if the State agency approves the activity...." 42 U.S.C. § 602(g)(1)(A). Funding for child care, unlike JOBS funding, is therefore limited only by the number of eligible individuals.

(Footnote omitted).

criterion: Is this child care assistance for her dependent grandchild required for Delorme to remain employed?

LEVINE, J., concurs.