Margaret M. JOHNSON, Appellee,

v.

NORTH DAKOTA WORKERS' COMPENSATION BUREAU, Appellant.

Civ. No. 920290.

Supreme Court of North Dakota.

Feb. 23, 1993.

Joseph F. Larson II, Jamestown, for appellee.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workers' Compensation Bureau, Bismarck, for appellant.

VANDE WALLE, Chief Justice.

The North Dakota Workers' Compensation Bureau appealed from a district court judgment reversing the Bureau's determination that Margaret Johnson did not have good cause to discontinue her vocational rehabilitation program. We reverse the judgment and reinstate the Bureau's order.

While employed at a Jamestown restaurant, on February 20, 1986, Margaret fell and sustained an injury to her lower back. The Bureau accepted liability and awarded Margaret medical, disability, and vocational rehabilitation benefits. The Bureau and Margaret entered into a vocational rehabilitation contract which required Margaret to attend classes at the Southeast Vocational Center for twenty-four months to obtain training for a secretarial or a clerical position. Margaret attended classes from September 1988 through May 1990. However, she quit the program one month before completion, asserting that she was unable to continue because of increased back pain.

After the Bureau issued a notice of intent to discontinue benefits because of noncompliance with the contract, Margaret requested a hearing. A hearing officer determined that Margaret was medically able to finish her rehabilitation program, but that she was not motivated to return to work, or to finish the remaining month of the program. The hearing officer concluded that Margaret did not have good cause to discontinue her rehabilitation program and suspended her benefits during her noncompliance. The district court reversed, concluding that the Bureau's findings were not supported by a preponderance of the evidence. The court determined that, rather than weighing the evidence, the Bureau selectively used parts of the evidence in order to sustain its findings that Margaret lacked motivation to return to work and failed to show good cause to discontinue her rehabilitation program. The court ordered reinstatement of Margaret's disability benefits, and the Bureau appealed.

■■■ We review the Bureau's decision and not the district court's decision. *Pleinis v. North Dakota Workers Compensation Bureau,* 472 N.W.2d 459 (N.D.1991). We affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not sustained by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Matuska v. North Dakota Workers Compensation Bureau,* 482 N.W.2d 856 (N.D.1992). In determining whether the Bureau's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judg-

ment for that of the Bureau. *Id.* Rather, we determine only whether a reasoning mind could have reasonably determined that the Bureau's factual determinations were supported by the evidence. *Id.; Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979).

On appeal, the Bureau asserts that its determination that Margaret had not shown good cause for failing to finish her rehabilitation program was supported by a preponderance of the evidence. During oral argument to this court, the Bureau conceded that, under the rationale of *Lass v. North Dakota Workmen's Compensation Bureau,* 415 N.W.2d 796 (N.D.1987), Margaret still may be entitled to disability benefits when she finishes the rehabilitation program. Thus, under Section 65–05.1–04, N.D.C.C.,[1] the issue in this case does not encompass whether Margaret may be employable or entitled to benefits after she completes the rehabilitation program. Rather, the narrow dispositive issue is whether Margaret had reasonable cause to discontinue the rehabilitation program.

▮▮▮▮ Margaret's medical records showed a degenerative condition in her back. However, there was evidence that Margaret's reported symptoms of back and leg pain were greater than indicated by her medical records, and that there was no diagnostic explanation for her symptoms. We have recognized that pain is often subjective and that benefits may be awarded even if there is no objective physical evidence of disability or impairment. *Kroep-*

lin v. North Dakota Workmen's Compensation Bureau, 415 N.W.2d 807 (N.D. 1987); Lyson v. North Dakota Workmen's Compensation Bureau, 129 N.W.2d 351 (N.D.1964). However, in this case, there was some evidence from rehabilitation coordinators and treating physicians which indicated that Margaret was not motivated to go back to work, or to continue her rehabilitation program. There was also evidence that the Southeast Vocational Center had openings to allow Margaret to complete the remaining month of her rehabilitation by attending classes four hours per day. On August 28, 1990, Dr. Charles Ray indicated that Margaret was capable of "very light" work and that he could not find "a good anatomical rationale for the pain in her right buttock, leg, and foot." In response to the question of whether Margaret could finish the thirty days remaining in her rehabilitation program, Dr. Ray indicated that "it is unfortunate to break that program because it obviously will break that vocational potential for her at this time" and "urged [Margaret] to continue with a conservative care program and to do the best she can with it." Dr. Ray testified that "[f]rom a medical point of view, [he] would find no outstanding reason why—depending upon her symptomatic tolerance—as to why she would not be able to finish the program." Dr. Ray later indicated that he was

"not suggesting that [Margaret] discontinue her training for clerical work. To

1. When Margaret and the Bureau entered into the rehabilitation contract in 1988, Section 65–05.1–04, N.D.C.C., provided, in part:

"If the injured worker shall fail to comply with this section without a reasonable cause, the bureau, by formal order, shall discontinue all lost-time benefits under this title during the period of noncompliance. If, upon the bureau order becoming final, the period of noncompliance shall continue for six months, the bureau shall have no further jurisdiction in awarding any further temporary total, temporary partial, permanent total, or rehabilitation benefits."

Section 65–05.1–04(6), N.D.C.C., now provides, in part:

"If, without good cause, the injured employee fails to attend a scheduled medical or vocational assessment, or fails to attend a specific

qualified rehabilitation program within ten days from the date the rehabilitation program commences, the employee must be deemed to be in noncompliance with vocational rehabilitation. If without good cause, the employee discontinues a job the employee is performing, or a training program in which the employee is enrolled, the employee must be deemed to be in noncompliance with vocational rehabilitation.... In all cases of noncompliance by the employee, the bureau, by administrative order, shall discontinue lost-time benefits. If, upon the bureau order becoming final, the period of noncompliance continues for sixty days, the bureau has no further jurisdiction in awarding any further temporary total, temporary partial, permanent total, or vocational rehabilitation benefits."

the contrary, I believe that there is no therapy like occupational therapy, and it is much better to be active and to hurt than to be inactive and to hurt. I was trying to point out that she should not be a candidate for further surgical intervention. I draw to your attention the last paragraph where I stated, 'She indicated to me that she is not able to return to work and, at this time, does not expect to be able to in the future.' I did not necessarily agree with that, and if she is able to be trained for a useful occupation within the range of her limitations, then more power to her. I think that the greatest limitation that she will have in the future is based on discomfort and her ability to manage her affairs and tolerate whatever pain she might have."

The hearing officer found that "[f]inishing the training program in one month ... requires [Margaret] to do only sedentary type activities which she is apparently doing at home. The classes allow her to sit and stand as necessary....

However, there is evidence that [Margaret] has been unmotivated to return to work as early as ... August, 1987.... I therefore, conclude that Margaret is motivated to minimize her abilities to finish her retraining program. I find that [Margaret] is ... medically able to finish her retraining program and does not have good cause for discontinuing the program."

The Bureau's findings relied upon Margaret's medical records, which essentially provided no explanation for her pain symptoms, as well as reports of lack of motivation to return to work and Dr. Ray's opinion. Contrary to the district court's conclusion and Margaret's argument, we do not believe the Bureau's findings indicate that it selectively used evidence to sustain its findings of fact and ignored evidence favorable to Margaret. The evidence of Margaret's motivation was considered in conjunction with her medical evidence, which essentially indicated no diagnostic explanation for her pain, and Dr. Ray's opinion. The Bureau's findings indicate that it considered all the evidence and weighed it against Margaret.

In weighing all of the evidence, we believe that a reasoning mind reasonably could have determined that the conclusion reached by the Bureau was proved by the weight of the evidence from the entire record. Accordingly, we conclude that the Bureau's finding that Margaret did not show good cause for discontinuing the rehabilitation program was supported by the preponderance of the evidence. However, we express no opinion regarding further benefits if, and when, Margaret finishes her rehabilitation program. *Cf. Lass, supra* (In denying claim for current rehabilitation benefits, Bureau cannot enter order denying all future claims which are based upon changes in claimant's medical condition). The Bureau's decision that Margaret did not have good cause to terminate her rehabilitation program is not determinative of her ability to accept future employment or her entitlement to future benefits if she completes the program. A decision on those issues must await a determination of Margaret's condition at that time, the requirements of the available jobs and other factors which we will not now attempt to foresee.

The district court judgment is reversed and the Bureau's order is reinstated.

MESCHKE, LEVINE and NEUMANN, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.