**S.N.S., Appellee,**

**v.**

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellant,**

**and**

**Stark County Social Service Board, Respondent.**

**Civ. No. 920273.**

Supreme Court of North Dakota.

May 11, 1993.

David Boeck, Legal Assistance of North Dakota, Bismarck, for appellee.

William L. Strate, Asst. Atty. Gen., Bismarck, for appellant.

VANDE WALLE, Chief Justice.

The North Dakota Department of Human Services (the Department) appealed from a district court judgment reversing the Department's denial of Aid to Families with Dependent Children (AFDC) benefits to S.N.S. (Sherry, a pseudonym). We conclude that the Bureau's finding of non-cooperation by Sherry is supported by a preponderance of the evidence, justifying the denial of benefits. Accordingly, we reverse the district court's judgment.

In a prior appeal, *S.N.S. v. North Dakota Dep't of Human Services*, 474 N.W.2d 717, 720–721 (N.D.1991) (*S.N.S. I*), relying upon *Tomas v. Rubin*, 935 F.2d 1555 (9th Cir.1991), we remanded this case to the Department for a redetermination of the benefit issue, with the following explanation:

"The main question on this appeal is the effect to be given to Sherry's sworn attestation, in accordance with 45 C.F.R. 232.12(b)(3), that she has no further information regarding the paternity of her child.

\* \* \* \* \* \*

"[A]n attestation by an applicant that she has no additional information about paternity creates a presumption of cooperation, and the burden then shifts to the Department to establish by substantial evidence that the attestation of lack of information is false.

"The Department, without according any weight to Sherry's attestation of lack of information, found that Sherry's testimony was not credible and that she had failed to cooperate.... [W]here, as here, the Department failed to employ proper evidentiary standards, it is preferable that the Department be given an opportunity to determine eligibility using the proper standard."

In remanding the case to the Department, we stated that Sherry's attestation created a presumption of cooperation which shifted the burden to the Department to establish by substantial evidence that the

attestation is false. We defined the term "substantial evidence" in *Hanson v. North Dakota Industrial Commission*, 466 N.W.2d 587, 590 (N.D.1991):

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is something less than the greater weight of the evidence and, in other words, is something less than a preponderance of the evidence."

On remand, no party requested an opportunity to present additional evidence. The Department reevaluated the evidence in the record and found that there was substantial evidence that Sherry's attestation of lack of information about the paternity of her child, Margie (a pseudonym), is false. On that ground, the Department further found that Sherry has not cooperated as required by the federal regulations, and the Department reaffirmed its previous order denying AFDC benefits to Sherry.

The Department relies primarily upon four evidentiary factors which it asserts constitute substantial evidence that Sherry's attestation is false: (1) Sherry identified Larry (a pseudonym) as Margie's father, but blood tests showed that there is a zero percent chance that Larry is Margie's father, and because Sherry has not discredited the validity of the blood tests, the inescapable conclusion is that someone other than Larry is Margie's father; (2) during initial conversations with the Department Sherry expressed doubts about whether Larry was Margie's father; (3) Sherry stipulated to the dismissal of the paternity action against Larry, thereby demonstrating, to at least some extent, her concurrence that Larry is not and cannot be Margie's father; and (4) Sherry's personal diary contained an altered entry on May 2, 1981, near the time when Margie was conceived, stating that Sherry had "made out ... all night" with a man whom the entry originally stated was "Rollo" (a pseudonym); Sherry concedes she crossed through Rollo's name with a pen and inserted Larry's name in its place, but Sherry

has not offered any revealing explanation for the alteration.

We believe that the foregoing evidentiary factors, when considered together, constitute substantial evidence upon which the Department could find that Sherry's attestation of lack of information is false. We may not have made the same finding, but when the standard is "substantial evidence" we give greater deference to the agency's finding than we would ordinarily accord to an agency's findings of fact under the preponderance of the evidence standard. *Hanson, supra,* 466 N.W.2d at 590.

■ Upon finding that Sherry's attestation is false, the Department made the further finding that Sherry is not cooperating pursuant to the mandate of the federal regulations, and concluded that Sherry, therefore, is not entitled to receive AFDC benefits. Our review of the Department's finding that Sherry is not cooperating is governed by the preponderance of the evidence standard under Section 28–32–19, N.D.C.C. In making that review we exercise restraint, and we do not make independent findings of fact or substitute our judgment for that of the agency. *Wherry v. North Dakota State Hospital,* 498 N.W.2d 136 (N.D.1993). Nor do we review the decision of the district court, as the dissent seems to suggest. *Johnson v. North Dakota Workers' Compensation Bureau,* 496 N.W.2d 562 (N.D.1993). Rather, we determine only whether a reasoning mind reasonably could have concluded that the agency's findings of fact were supported by the weight of the evidence. *Tobias v. North Dakota Dep't of Human Services,* 448 N.W.2d 175 (N.D.1989).

The requirement that an applicant for AFDC benefits must cooperate requires the applicant to provide available information which will help the Department establish paternity. 45 C.F.R. 232.12(b) (1992). We conclude that a reasoning mind could reasonably conclude that the Department's finding that Sherry has not cooperated is supported by the weight of the evidence.

Consequently, we reverse the judgment of the district court.

SANDSTROM, J., concurs.

NEUMANN, J., concurs in the result.

MESCHKE, Justice, dissenting.

I agree with the following analysis by the district court:

After an earlier remand from the North Dakota Supreme Court and from this court, the Department received no new or additional evidence and no arguments. The Department relied entirely upon the record established in 1990 to reach its 1992 decision.

The Department treated the results of 1983 blood tests as conclusive on the issue of paternity, contrary to law, even though the blood test results were never received into evidence at the administrative hearing.

The Department improperly devalued Appellant's credibility for having cooperated with the Southwest Area Child Support Enforcement Unit and its attorney in stipulating to the dismissal with prejudice of a 1983 paternity action against the person Appellant believes is the father of her child.

The Department improperly devalued Appellant's credibility because she presented her diary which contained an alteration, though there was no evidence that the alteration was material to any issue in this case, no evidence that Appellant was trying to hide anything, no evidence that Appellant was trying to deceive anyone, and no information in the diary about sexual relations with anyone. Appellant has attested, under penalty of perjury, that she had sexual intercourse during the possible time of conception with only one person, the person she believes to be and has identified as the father of her child.

\*     \*     \*     \*     \*     \*

Appellant has satisfied her duty to cooperate in establishing paternity of her child and in obtaining child support, as permitted by controlling federal law. See, 45 C.F.R. § 232.12(b)(3). See also,

*S.N.S. v. North Dakota Dep't of Human Servs.*, 474 N.W.2d 717 (N.D.1991), *B.K. v. Department of Health and Rehab. Serv.*, 537 So.2d 633 (Fla.App.1988), and *Doston v. Duffy*, 732 F.Supp. 857 (N.D.Ill.1988).

It is presumed that Appellant has cooperated in establishing paternity and in obtaining child support by submitting her attestation of lack of information. *S.N.S.*, 474 N.W.2d, at 720–721. The Department has not established by substantial evidence that Appellant's attestation of lack of information is false.

The Department's findings of fact are not supported by the preponderance of the evidence, the Department's conclusions of law are not sustained by the findings, and the Department's decision is unsupported by the conclusions.

I also agree with a similar analysis in *Erickson v. Commissioner of DHS*, 494 N.W.2d 58, 63 (Minn.App.1992):

Implicit in the BCSSA's noncooperation determination is the assumption that appellant is withholding the name of the possible father of her son and that appellant has it within her power to have the sanction lifted at any time by naming the father of her son. We believe appellant's attestation of no further information, together with the facts that she has not named anyone else as a possible father in the more than six and a half years she has been subject to the sanction and that the agency offers no evidence she has further information, are sufficient for a determination under 45 C.F.R. § 232.12(b) that she is cooperating adequately in establishing the paternity of her son. Under these facts, the BCSSA's conclusion that she has information is no longer reasonable.

For like reasons, I respectfully dissent.

LEVINE, J., joins.