P.F., Appellee,

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, and Burleigh County Social Service Board, Appellants.**

Civ. No. 920353

Supreme Court of North Dakota.

May 11, 1993.

---

Legal Assistance of ND, Bismarck, for appellee; argued by David Boeck.

William L. Strate, Asst. Atty. Gen., Bismarck, for appellants.

VANDE WALLE, Chief Justice.

The North Dakota Department of Human Services (the Department) appealed from a district court judgment reversing the Department's denial of benefits to P.F. (Patricia)[1] under the Aid to Families with Dependent Children (AFDC) program. We conclude that the Department's finding that Patricia failed to cooperate with the Department is not supported by a preponderance of the evidence, and we affirm the district court's judgment.

In 1987 Patricia applied for AFDC benefits for herself and her daughter, Anna, who was born in April 1987. The Department asked Patricia to assist them in identifying Anna's father. Patricia told the Department that she thought Bradley was Anna's father. Bradley identified Martin as Anna's possible father. Blood tests excluded both Bradley and Martin as possible fathers. As a result of the negative blood tests, the Department concluded that Patricia was not cooperating with efforts to establish paternity. Patricia then voluntarily withdrew her application for AFDC benefits.

Patricia reapplied for benefits in 1990. At that time she identified Dennis as Anna's possible father, but blood tests also excluded Dennis. The Department again determined that Patricia was not cooperating with efforts to identify Anna's father and recommended that Patricia's needs be deleted in calculating AFDC benefits. Patricia appealed that determination and, under penalty of perjury, submitted an affidavit:

> "I now attest that I have no information about any other episodes of sexual intercourse other than with [Bradley], [Mar-

1. Names of all persons referred to in this opinion are pseudonyms.

tin], and [Dennis] during the relevant time; I make this attestation under penalty of perjury if I am found to have made this statement falsely."

The Department denied Patricia's request for AFDC benefits, concluding that her attestation is false and that she is not cooperating as required by the federal regulations. Patricia appealed to the district court.

The district court concluded that the Department failed to establish by substantial evidence that Patricia's attestation is false. The court reversed the Department's decision and remanded for retroactive reinstatement of Patricia's AFDC benefits. The Department appealed.

■ An AFDC applicant must assign to the state the right to support from any person and must cooperate in efforts to establish paternity and to obtain child support payments. 42 U.S.C.A. § 602(a)(26) (Supp.1993). When an applicant submits an affidavit stating that she has no additional information about paternity, the attestation "creates a presumption of cooperation, and the burden then shifts to the Department to establish by substantial evidence that the attestation of lack of information is false." *S.N.S. v. North Dakota Dep't of Human Services*, 474 N.W.2d 717, 720–21 (N.D.1991). We defined the term "substantial evidence" in *Hanson v. Industrial Commission of North Dakota*, 466 N.W.2d 587, 590 (N.D.1991):

> "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is something less than the greater weight of the evidence and, in other words, is something less than a preponderance of the evidence."

*See also S.N.S. v. North Dakota Dep't of Human Services*, 499 N.W.2d 891 (N.D. 1993) [*S.N.S. II*].

■ The Department relies primarily upon two evidentiary factors which it asserts constitute substantial evidence that Patricia's attestation is false: (1) Patricia provided inconsistent statements in identifying Anna's father, and (2) the blood tests eliminated all three persons ultimately identified as possible fathers. We do not believe that these factors rise to the level of substantial evidence that Patricia's attestation is false. *Compare S.N.S. II, supra.*

It is both subjective and inaccurate to characterize Patricia's identifications as inconsistent. When she first applied for benefits, she told the Department that she thought Bradley was Anna's father. Bradley then identified Martin as Anna's possible father. The blood tests excluded both men as possible fathers. However, neither the blood test results nor Bradley's identification of Martin as a possible father necessarily imply that Patricia was lying when she told the Department that she believed Bradley was Anna's father. Relying upon Anna's date of birth and the dates that Patricia was with Bradley, Patricia may very well have believed that Bradley fathered Anna. After the blood tests excluded both Bradley and Martin as candidates, Patricia then identified Dennis as a possible father. That identification is not necessarily inconsistent with Patricia's prior identifications. In giving the Department Dennis's name only after Bradley and Martin had been identified, Patricia may have believed that it was very unlikely that Dennis fathered Anna but that, assuming the validity of the blood tests, there were no other possible candidates, except Dennis. When Dennis was also excluded by blood tests as a possible father, Patricia signed the affidavit stating that she only had intercourse with Bradley, Martin, and Dennis during the period of Anna's conception and that she has no other relevant information to give the Department.

We are not persuaded that the sequence of Patricia's identifications and the blood test results constitute substantial evidence that Patricia lied. Under these circumstances, we do not believe that a reasonable mind could accept these facts as substantial evidence that Patricia is lying about not having additional relevant information. We conclude, therefore, that the Department has failed to meet its burden of establishing that Patricia's attestation is false.

■ As a result of its conclusion that Patricia's attestation is false, the Department found that Patricia is not cooperating and, therefore, is not entitled to receive AFDC benefits. Our review of that finding by the Department is governed by the preponderance of the evidence standard under Section 28–32–19, N.D.C.C. Under that standard, we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind reasonably could have concluded that the Department's finding is supported by the weight of the evidence. *Tobias v. North Dakota Dep't of Human Services,* 448 N.W.2d 175 (N.D. 1989).

There is not substantial evidence to establish that Patricia's attestation of lack of information is false. The Department has not identified any other conduct by Patricia as a basis for its conclusion that she is not cooperating. Therefore, we conclude that the Department's finding of noncooperation is not supported by a preponderance of the evidence.

The judgment of the district court is affirmed.

MESCHKE, LEVINE and NEUMANN, JJ., concur.

SANDSTROM, J., concurs in the result.